UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| ALEXIS SALAZAR-TRIVINO | : | DOCKET NO. 18-cv-1283 |
| REG. # 61736-018 | | SECTION P |
| | | |
| VERSUS | : | UNASSIGNED DISTRICT JUDGE |
| | | |
| DIRECTOR BUREAU OF PRISONS, | | |
| ET AL. | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the court is a pro se petition filed by Alexis Salazar-Trivino and other inmates, originally filed as a civil rights action in the United States District Court for the District of Columbia. Doc. 1. That court construed the petition as one requesting habeas relief under 28 U.S.C. § 2241, severed it as to individual petitioners, and transferred the cases to the districts where petitioners were incarcerated. *See* doc. 34. Accordingly, this matter was transferred to the Southern District of Mississippi, where the petitioner is presently in custody, and finally to this court, where the petitioner's claims of improper confinement arose at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). *Id.*; doc. 45. It now comes before the undersigned for initial review under 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Salazar-Trivino filed this action with several other inmates then incarcerated at FCIO, alleging that they were being improperly detained there. Doc. 1. Since that time, however, Salazar-Trivino was transferred to Adams County Correctional Center/Correctional Institute Adams County in Washington, Mississippi, a contract facility of the Federal Bureau of Prisons ("BOP").

A search of the Federal Bureau of Prisons' inmate locator reveals that he is still in BOP custody. Salazar-Trivino declined to file a separate 2241 petitions on the forms provided in the Southern District of Mississippi. *See* docs. 39–41. Accordingly, the only allegations Salazar-Trivino has provided in support of his request for habeas relief are the general allegations in the original, collective petition that the petitioners' extradition to the United States from Central America and conviction here of various federal crimes amounts to a violation of constitutional rights and international law. Doc. 1.

## II.
### LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Section 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448,

451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Salazar-Trivino's petition, which appears to allege errors in his extradition proceedings and sentencing, is a collateral attack on his conviction. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

---

[1] There is no record that Salazar-Trivino was convicted in this court, and so we would not have jurisdiction over any motion under § 2255. Accordingly, we cannot reconstrue his petition.

The original petition provided no allegations to satisfy either prong of the savings clause. This court will give the petitioner one final opportunity to state his claims for habeas relief. If he cannot satisfy the savings clause as described above, we will recommend that his petition be dismissed for lack of jurisdiction. In his amendment, he should also substitute the warden of FCIO as respondent. *Rumsfeld v. Padilla*, 124 S.Ct. 2711 (2004).

### III.
#### CONCLUSION

Salazar-Trivino's petition is deficient as described above. He must amend his complaint as described above in order to show a right to federal habeas relief.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Salazar-Trivino at his last address on file.

**IT IS ORDERED** that Salazar-Trivino amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Salazar-Trivino is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 30th day of October, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE