UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALEXIS SALAZAR-TRIVINO** | : | **DOCKET NO. 18-cv-1283** |
| **R61736-018** | | **SECTION P** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **DIRECTOR BUREAU OF PRISONS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241, by Alexis Salazar-Trivino. Doc. 1. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

This matter was filed by Salazar-Trivino and several other defendants in the United States District Court for the District of Columbia on or about October 27, 2016. Doc. 1. In June 2018 the court ordered that the petitioners' claims be transferred to the districts where they were currently incarcerated, and Salazar-Trivino's case was transferred to the United States District Court for the Southern District of Mississippi. Docs. 34, 36. The Southern District of Mississippi determined that it did not have jurisdiction over Salazar-Trivino's claims, and that under Fifth Circuit precedent the matter should be filed in the district where the petitioner was incarcerated when he began seeking habeas relief. Doc. 44. Salazar-Trivino was incarcerated at the Federal Correctional Institution at Oakdale, Louisiana, when the original petition was filed. *Id.*; *see* doc. 1, p. 1. Accordingly, the court ordered that Salazar-Trivino's case be transferred to this district. Doc. 44.

After receiving the petition on October 1, 2018, this court ordered Salazar-Trivino to amend his complaint and address how he could show a right to relief under § 2241 and the "savings clause" of 28 U.S.C. § 2255. Docs. 46, 48. Salazar-Trivino has not complied with that order and his time for doing so has passed.

A district court may dismiss an action based on the plaintiff's failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 82 S.Ct. 1386, 1388–89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 1388.

Here Salazar-Trivino failed to respond to the court's amend order, and his time for complying elapsed two months ago. As outlined in that order, his original petition does not show a right to habeas relief. Accordingly, **IT IS RECOMMENDED** that Salazar-Trivino's petition be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 30th day of January, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE